UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

NATIONWIDE CREDIT, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, NATIONWIDE CREDIT, INC., is a corporation and citizen of the State of Georgia with its principal place of business at Suite 600, 2002 Summit Boulevard, Atlanta, Georgia 30319.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.    Defendant left the following message on Plaintiff's voice mail on her cellular telephone and on her residential telephone answering machine on or about the dates stated:

> June 26, 2010 at 10:54 AM – Home Phone – Pre-Recorded Message
> Hello, this is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. This message contains personal and private information so you should listen to it in private. There will now be a three second pause in this message to give you an opportunity to ensure your privacy for the remainder of this message. This is Mary Jones, a debt collector from Nationwide Credit. This is an

2

attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 877-779-3475. Thank you. Goodbye.

<u>June 28, 2010 at 7:26 PM – Home Phone – Pre-Recorded Message</u>
Hello, this is Danielle Lewis. I'm calling to confirm location information concerning Charlotte Nicholas. Call me at 877-779-3475. Thank you. Goodbye.

<u>June 29, 2010 at 10:54 AM – Home Phone – Pre-Recorded Message</u>
Hello, this is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. This message contains personal and private information so you should listen to it in private. There will now be a three second pause in this message to give you an opportunity to ensure your privacy for the remainder of this message. This is Mary Jones, a debt collector from Nationwide Credit. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 877-779-3475. Thank you. Goodbye.

<u>June 30, 2010 at 7:26 PM – Home Phone – Pre-Recorded Message</u>
Hello, this is Danielle Lewis. I'm calling to confirm location information concerning Charlotte Nicholas. Call me at 877-779-3475. Thank you. Goodbye.

<u>July 1, 2010 at 3:12 PM – Home Phone – Pre-Recorded Message</u>
Hello, this is Danielle Lewis. I'm calling to confirm location information concerning Charlotte Nicholas. Call me at 877-779-3475. Thank you. Goodbye.

<u>July 1, 2010 at 9:44 PM – Home Phone</u>
Hi, this is (inaudible). I'm calling to confirm location information concerning Charlotte Nicholas. Please call me at 877-779-3475 and my extension is 5905. Thank you.

<u>July 6, 2010 at 9:54 AM – Home Phone – Pre-Recorded Message</u>
Hello, this is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. This message

contains personal and private information so you should listen to it in private. There will now be a three second pause in this message to give you an opportunity to ensure your privacy for the remainder of this message. This is Mary Jones, a debt collector from Nationwide Credit. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 877-779-3475. Thank you. Goodbye.

July 6, 2010 at 11:03 AM – Home Phone
This is (inaudible). I'm calling to confirm location information concerning Charlotte Nicholas. Please call me at 877-779-3475 at extension 325286. Please do call me as soon as possible. Thank you.

July 7, 2010 at 10:55 AM – Home Phone
Hi, this is (inaudible) and I'm calling to confirm location information concerning Ms. Charlotte Nicholas. Please call me at 877-779-3475. Uh, I'll repeat the number, it's 877-779-3475 at extension 3385907. Thank you and have a nice day.

July 15, 2010 at 2:24 PM – Home Phone
Hi, this is Elvis (inaudible). I'm calling to confirm location information concerning Charlotte Nicholas. Please call me at 800-441-0377. I repeat, my number is 800-441-0377. Do call me as soon as possible. Thank you.

July 23, 2010 at 3:34 PM – Home Phone
This is (inaudible) and I'm calling to confirm location information concerning Charlotte Nicholas. Call me back at 800-441-0377. Thank you.

July 28, 2010 at 2:33 PM – Home Phone
This is (inaudible). I'm calling to confirm location information concerning Charlotte Nicholas. Please call me at 800-441-0377.

August 18, 2010 at 12:47 PM – Cellular Phone
Yeah, hi, this is, uh, Bill. Uh, Bill Gabony. Well, I'm calling to confirm location information concerning Ms. Charlotte Nicholas. Call me back at 800-441-0377. I'll repeat my number. That's 800-441-0377 and extension to reach me is 5288. Call me back. Thank you.

July 13, 2011 at 2:36 PM – Home Phone

> This is a message for Charlotte Nicholas, if you are not Charlotte Nicholas please hang up or disconnect.  By continuing to listen to this message you acknowledge that you are Charlotte Nicholas.  This message contains personal and private information so you should listen to this in Private.  There will not be a three second pause in this message to give you an opportunity to ensure your privacy for the remainder of this message. This is (inaudible) from Nationwide Credit, Inc. and I am calling about an account.  This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.  Please call me, uh, about this personal, uh, important business matter at 800-441-0377.  This call is being for quality assurance and other purposes.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. At the time Defendant left the messages on Plaintiff's telephone, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt because Plaintiff had previous sued the same Defendant with respect to the same debt.

15. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

16. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

17. No court had authorized Defendant's direct communication with Plaintiff.

18. At the time Defendant phone call, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

19. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF 15 U.S.C §1692b(3).

26.    Plaintiff incorporates Paragraphs 1 through 21.

27. In the alternative to Counts I and II, if Defendant contends its telephone calls to Plaintiff were for the purpose of obtaining location information, Defendant placed more than one telephone call to Plaintiff in attempt to acquire location information violation of 15 U.S.C §1692b(3). Moreover, Defendant's calls could not be for the purpose for acquiring location information for the Plaintiff because Defendant was already in possession of Plaintiff's name, address and telephone number as well as the name and address of her counsel.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

28. Plaintiff incorporates Paragraphs 1 through 21.

29. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT V
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

30.    Plaintiff incorporates Paragraphs 1 through 21.

31.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

32.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

      c.    declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

      d.    permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

33.    Plaintiff incorporates Paragraphs 1 through 21.

34.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

35.    Among other reasons, Defendant did not have the right to place telephone calls using an automatic telephone dialing system or pre-recorded or artificial voice to Plaintiff's cellular telephone because Defendant knew Plaintiff was represented by counsel with respect to the alleged debt and thus the FDCPA and FCCPA prohibit Defendant from communicating directly with Plaintiff at all.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658